**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**UNITED STATES OF AMERICA**
        **Plaintiff,**

   v.                                         **Case No. 10-CR-142**

**GENER JAIMES**
        **Defendant.**

## **ORDER**

Defendant Gener Jaimes pleaded guilty to conspiracy to distribute 5 kilograms of more of cocaine. At his June 14, 2013, sentencing hearing, I adopted the facts and guidelines in the pre-sentence report ("PSR"), including its determination that defendant was responsible for 15-50 kilograms of cocaine, producing a base offense level of 34. U.S.S.G. § 2D1.1(c)(3) (2012). The PSR further recommended a 3 level enhancement under U.S.S.G. § 3B1.1 and a 3 level reduction under U.S.S.G. § 3E1.1, for a final offense level of 34. Coupled with defendant's criminal history category of I, this produced an imprisonment range of 151-188 months. On consideration of the 18 U.S.C. § 3553(a) factors, I imposed a sentence of 120 months, the minimum term required by statute.

On December 29, 2014, defendant filed a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2). That statute permits the court, in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, to reduce the term of imprisonment, after considering the factors set forth in § 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. Defendant

relies on Amendment 782, which generally reduced offense levels in drug trafficking cases by 2, and which the Commission designated for retroactive application. U.S.S.G. § 1B1.10(d) (policy statement). Under that Amendment, defendant's base offense level drops to 32, U.S.S.G. § 2D1.1(c)(4) (2014), and his imprisonment range to 121-151 months.

The court may not reduce a defendant's term of imprisonment to less than the minimum of the amended guideline range. U.S.S.G. § 1B1.10(b)(2)(A). Defendant's existing sentence is already below the minimum of the amended range. He therefore cannot receive a reduction. Citing United States v. Hicks, 472 F.3d 1167 (9th Cir. 2007), defendant argues that the court is not restricted by § 1B1.10(b)(2)(A), but Hicks's construction of the guidelines in § 3582(c)(2) proceedings has been rejected. See Dillon v. United States, 560 U.S. 817, 829-30 (2010); United States v. Cunningham, 554 F.3d 703, 706 (7th Cir. 2009). Even if the guidelines were advisory in § 3582(c)(2) proceedings, any further reduction in this case would be blocked by the mandatory minimum. See United States v. Poole, 550 F.3d 676 (7th Cir. 2008); U.S.S.G. § 1B1.10 cmt. n.1(A). The government filed no motion under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). See U.S.S.G. § 1B1.10(c).

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 248) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 7th day of January, 2015.

/s Lynn Adelman
LYNN ADELMAN
District Judge